**Szarko v. Delaware County Solid Waste Authority**

C.P. of Berks County, no. 4102-91, AD.

*Wendy E. Carr,* for plaintiffs.
*James D. Crawford* and *Janice Quimby-Fox,* for defendant.

SCHAEFFER, *P.J.,* March 3, 1995—The plaintiffs, Carol Szarko and Dr. Frank Szarko, are married to each other and own real property in Oley Township, Berks County, Pennsylvania, including land where Furnace Run flows into the Manatawny Creek.

The defendant, Delaware County Solid Waste Authority owns and operates the Colebrookdale Landfill, which is located in Earl Township, upstream on Furnace Run from, but in close proximity to, the plaintiffs' real property.

Plaintiffs brought this action in equity. In Count I thereof, the plaintiff Carol Szarko, alone, is seeking to enjoin the defendant DCSWA from:

(1) Discharging leachate into Furnace Run, except in accordance with section 402 of the Clean Water Act;

(2) Continuing the siltation of Furnace Run;

(3) Operating the Colebrookdale Landfill until lawful and adequate leachate treatment and erosion and sedimentation controls are effected at the site; and to order the defendant to pay her costs, including reasonable attorneys' fees and expert witness fees.

In Count III, Carol Szarko is seeking to have the court declare defendant's action at the Colebrookdale Landfill a statutory public nuisance under section 401(a) of the Clean Streams Law, 35 P.S. §691.401.

In Count V, both plaintiffs are seeking to have the court declare that the defendant's actions in its maintenance and operation of the Colebrookdale Landfill constitute a common law private nuisance.

In Count VI, both plaintiffs are seeking to enjoin the defendant from trespassing upon plaintiffs' real property, as above described, and for damages in excess of $20,000, including punitive damages.

Finally in Count VII, the plaintiff, Carol Szarko, alone, is seeking to have the court declare that the defendant has infringed upon her rights to pure water and the preservation of the scenic and aesthetic values of the environment under Article I, Section 27, of the Constitution of Pennsylvania.

All other counts and claims have been dismissed or withdrawn.

The defendant is seeking to have the Pennsylvania Department of Environmental Resources added as a party defendant and to have this action transferred to the Commonwealth Court.

The plaintiffs object on the ground that DER is not an indispensable party to their action and that this court has jurisdiction over the case.

We agree with defendant DCSWA, that Count I raises issues which cannot be resolved unless DER is added as a party defendant.

Carol Szarko in Count I seeks to enjoin DCSWA from operating the Colebrookdale Landfill until "lawful and adequate leachate treatment and erosion and sedimentation controls are effected." It is DER who is required to determine what leachate treatment and what erosion and sedimentation controls are mandated by law. If the court should determine that different standards are required, DER, if not a party, would not be required to comply with the court's determination, and utter confusion would result. Without DER as a party, there could be a duplication of the requirement to defend and a confusing and incomplete disposition of the case.

Furthermore, DER's regulatory activities may be affected by any order entered in this case, and because compliance with that order may require the cooperation of DER, its interest is essential. There is, in addition, the question of whether justice can be done in the absence of DER. If DER is not a party to this suit, it may withhold permits necessary to carry out remedies which this court may order, or it may seek to commence a multiplicity of actions involving the same issues as the issues in the case at bar, or involving issues related to the issues in the case at bar. If DER should choose not to cooperate with the court in determining and enforcing remedies to the problems which the plaintiff, Carol Szarko, alleges to exist, further litigation would be required. *CRY Inc.*

*v. Mill Service Inc.,* 536 Pa. 462, 640 A.2d 372 (1994). DCSWA could find itself between two fires, possibly unable to satisfy, simultaneously, the requirements of the court and of DER.

Unfortunately for the Szarkos and the environment, DCSWA cannot just stop operating the Colebrookdale Landfill without immense environmental repercussions. If the Colebrookdale Landfill is closed, where, and how, will Delaware County's trash be disposed of?

Furthermore, if the landfill is closed, the closing will not stop the leachate from flowing or the sedimentation complained of from occurring.

The problems which now exist will continue to exist and DER will have the responsibility of seeing that they are solved.

Obviously, what is required, if the facts which Ms. Szarko alleges are factually correct, is a comprehensive revised plan which will control and treat the leachate created and prevent, or minimize, the sedimentation of Furnace Run and the Manatawny Creek. Such a revised plan must, of necessity, be considered by, and approved by, DER. Therefore, we agree that DER is an indispensable party to Count I of these proceedings.

We find Counts III, V, and VII require the same result for similar reasons. DCSWA cannot take action to abate whatever public or private nuisance may, in fact, exist, or to guarantee the rights protected by Article I, Section 27, of the Pennsylvania Constitution, without DER involvement.

With regard to Count VI, however, the result is difficult. If DCSWA and its predecessors, being upper riparian owners, have changed the natural conditions of the area where

the Colebrookdale Landfill is situate, caused a change in the flow of water and caused silt to collect in Furnace Run and its tributaries and if, as a result, causes water and silt to be carried downstream to the Szarkos' real property, DCSWA is continually trespassing upon the Szarkos' property and is liable to the Szarkos for monetary damages or, at the Szarkos' election, DCSWA can be enjoined from committing such trespasses.

The DER is not a necessary or indispensable party to the trespass action because DER cannot authorize DCSWA to trespass upon the Szarkos' land or immunize DCSWA from liability.

DCSWA is a municipality authority and has the power of eminent domain. If it must cause water to flow upon, and silt to accumulate upon, the Szarkos' property, it can take their property and pay the Szarkos just compensation. But DCSWA cannot trespass upon the Szarkos' property with impunity and without compensating the Szarkos.

However, Count VI is not a separate action and we will not sever it, sua sponte, to make it a separate action.

We will, therefore order that DER be joined as an indispensable party.

Once DER is a party, we agree with DCSWA that we no longer have jurisdiction of this case and that we must transfer it to the Commonwealth Court.

Accordingly, we enter the following order:

## ORDER

And now, March 3, 1995, the court orders that the Pennsylvania Department of Environmental Resources be, and it hereby is, joined as a party defendant in this action,

434

and, the Commonwealth Court now having sole jurisdiction, it is ordered that this action be, and it hereby is, transferred to the Commonwealth Court for further proceedings. The Prothonotary of Berks County, Pennsylvania, is directed to transmit the record in this case to the Prothonotary of the Commonwealth Court.